**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| CYNTHIA LONG and LADORCAS ) <br> C. EVANS, on behalf of ) <br> themselves and all other ) <br> similarly situated employees, ) <br> ) <br> Plaintiffs, ) <br> ) <br> ) <br> ) <br> v. ) <br> ) <br> LOVING ARMS, LLC, ) <br> ) <br> Defendant. | No: _____ <br> FLSA Collective Action Complaint |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs, Cynthia Long and LaDorcas C. Evans, bring this action against the Defendant on behalf of themselves and all others similarly situated.

### PARTIES, JURISDICTION, AND VENUE

1. This is a collective action brought by Plaintiffs on behalf of themselves and all other similarly situated current and/or former employees of Loving Arms, LLC ("Defendant") to recover for Defendant's willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. This court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Plaintiff, Cynthia Long, is an adult, resident citizen of Memphis, Shelby County, Tennessee.

4. Plaintiff, LaDorcas C. Evans, is an adult, resident citizen of Memphis, Shelby County, Tennessee.

5. Upon information and belief, Plaintiff alleges that Defendant, Loving Arms, LLC, is a corporation authorized to and doing business in Tennessee and may be served with process through their designated registered agent April Smith, 20 Revere Circle, Apt. 16, Jackson, Tennessee 38305.

6. Venue lies in the Western District of Tennessee, pursuant to 28 U.S.C. § 1391, because the Defendant does business in this district, and a substantial part of the alleged errors or omissions giving rise to this action occurred in this district.

7. Plaintiff, Cynthia Long, is an employee of Defendant, Loving Arms LLC, and has been employed there since June, 2015. During her employment with Defendant, she has been a covered employee under the FLSA.

8. Plaintiff, LaDorcas C. Evans, is a former employee of Defendant, Loving Arms LLC from May, 2015 through January, 2017. During her employment with Defendant, she was a covered employee under the FLSA.

9. Plaintiffs' written consent forms are attached hereto as Exhibit A.

10. Defendant is a covered "employer" under the FLSA.

## FACTUAL BASIS FOR SUIT

11. Paragraphs 1-10 are incorporated by reference as if fully stated herein.

12. Plaintiff, Cynthia Long, was hired by Defendant as a Direct Support Professional at Loving Arms, LLC in June of 2015.

13. Plaintiff, Cynthia Long, is employed by Defendant to provide direct care and in-home companionship services to individuals in the Memphis, Tennessee area.

14. Plaintiff, LaDorcas C. Evans, was hired by Defendant as a House Manager at Loving Arms, LLC in May of 2015.

15. Plaintiff, LaDorcas Evans was employed by Defendant to provide direct care and in-home companionship services, as well as supervisory duties over such other similar employees, in the Memphis, Tennessee and Jackson, Tennessee areas.

16. In October, 2013, the Department of Labor issued a final rule amending its regulations and clarifying that direct care and companionship service providers do not fall under exemptions to overtime rules under the FLSA. See 29 C.F.R. §552.109.

17. This new rule was to be effective beginning January 1, 2015. See 78 Fed. Reg. 60,454 (Oct. 1, 2013).

18. During Plaintiffs' employment with Defendant, they performed work in excess of forty (40) hours per week on a regular and repeated basis.

19. Likewise, numerous other employees of Defendant are in a "similar situation." In other words, numerous other employees of Plaintiff, who performed similar job duties, worked in excess of forty (40) hours per week without overtime pay.

20. Pursuant to 29 U.S.C. § 207(a)(2), employers of enterprises engaged in commerce are required to pay non-exempt, covered employees who work in excess of forty (40) hours per week a rate of one and one-half times their regular pay rates for all time worked in excess of forty (40) hours per week.

21. Under 29 U.S.C. § 211(c), every subject employer is required to make, keep, and preserve records of each employee's wages, hours, and conditions and practices of employment.

22. Pursuant to 29 C.F.R. § 516.2(a)(7) and (8), every employer is required to maintain payroll records of each employee's total daily and weekly work hours, as well as "total daily or weekly earnings or wages due for hours worked during the workday or workweek."

23. Under the Fair Labor Standards Act, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work. 29 C.F.R. § 778.107.

24. When Plaintiffs and other similarly situated employees worked more than forty (40) hours during a week, Defendant did not compensate these employees at a rate of "one and one-half times the regular rate at which [the employees were] actually employed" for the first forth (40) hours of work. See C.F.R. § 778.107.

25. The actual job duties of Plaintiffs and similarly situated employees were not those of "exempt" employees beginning January 1, 2015 and continuing to the present.

26. Defendant is unable to bear its burden of showing that Plaintiffs or similarly situated employees fall within any of the FLSA overtime exemptions.

27. In approximately October, 2015, Defendant informed Plaintiffs and similarly situated employees that they would be paid overtime for all hours worked over forty (40) during a week from that point forward.

28. In approximately October, 2015, Defendant informed Plaintiffs and similarly situated employees that they would be paid overtime wages retroactively for all past overtime hours worked from January 1, 2015 to October 2015.

29. Defendant knew that Plaintiffs and other class members had worked and were presently working over 40 hours per week without overtime compensation, as evidenced by Defendant's representations to Plaintiffs that they would be paid retroactively for overtime hours

4

worked following the change in exempt status, and would begin paying appropriate overtime wages from October, 2015 forward.

30. Even though Defendant knew Plaintiffs and other class members were working more than forty hours per week, Defendant accepted Plaintiffs and other class members' work without paying one and one-half their regular rate of pay for hours over 40.

31. Defendants knowingly, willfully and intentionally failed to compensate Plaintiffs and similarly situated employees applicable overtime wages in violation of 29 U.S.C. §207, beginning January 1, 2015 and continuing to present.

32. Some evidence generally reflecting the number of uncompensated overtime hours worked by each class member and the compensation rates for the relevant work periods is in the possession of the Defendant. While Plaintiffs are unable to state at this time the exact amount owed to the class, Plaintiffs propose to obtain such information by appropriate and focused discovery proceedings to take place promptly in this action and requests that damages or restitution be awarded according to proof thus obtained and presented to this Court.

33. This action is maintainable as an opt-in collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation, liquidated damages, interest, attorneys' fees, and costs under FLSA. In addition to Plaintiffs, numerous other current and former employees of Defendant are similarly situated to Plaintiffs with regard to their wages and damages.

## CAUSES OF ACTION

34. Paragraphs 1 – 33 are incorporated by reference as if fully stated herein.

35. Plaintiffs bring the following claim against Defendant on behalf of themselves and other similarly situated employees: Failure to pay overtime wages in violation of the Fair Labor Standards Act. 29 U.S.C. § 207(a)(2).

36. Defendant's violation of the Fair Labor Standards Act is the direct and proximate cause of Plaintiffs damages.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS pray for the following relief:

37. Authorization to issue notice pursuant to 29 U.S.C. § 216(b) at the earliest possible time to all similarly situated current and former non-exempt employees during the three (3) years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of their right to opt into this lawsuit;

38. A declaratory judgment that Defendant has violated the overtime wage provisions of the FLSA as to Plaintiffs and other similarly situated persons who opt into this action;

39. A declaratory judgment that Defendant's violations of the FLSA were willful;

40. An award to Plaintiffs and others similarly situated who opt into this action of damages in the amount of unpaid overtime wage compensation to be proven at trial;

41. An award to Plaintiffs and others similarly situated who opt into this action of interest and liquidated damages in an amount equal to the overtime wage compensation shown to be owed to them pursuant to 29 U.S.C. § 216(b);

42. An award to Plaintiffs and others similarly situated who opt into this action of reasonable attorneys fees and costs, pursuant to 29 U.S.C. § 216(b); and

43. An award of such other and further legal and equitable relief as may be appropriate.

Respectfully submitted,

/s/ Jason J. Yasinsky
JASON J. YASINSKY (#29514)
JONATHAN LOUIS MAY (#27408)

Nahon, Saharovich & Trotz, PLC
488 S. Mendenhall
Memphis, Tennessee 38117
Telephone: 901-683-7000
Email: jyasinsky@nstlaw.com
jlmay@nstlaw.com

*ATTORNEYS FOR PLAINTIFFS AND THOSE SIMILARLY SITUATED*